IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 13-58 |
| | ) | |
| JAMES WALKER, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 588) will be denied.

**Background**

On November 18, 2014, James Walker ("Defendant") pleaded guilty to a lesser included offense at Count 1 of the Superseding Indictment against him (conspiracy to distribute 100 grams or more of heroin), and to Count 7 of that same Indictment (possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin). Change of Plea (Doc. 361). The Court was notified that Defendant and the Government had entered into an 11(c)(1)(C) plea agreement at that time. On March 3, 2015, the Court gave all parties notice that the Court intended to accept the terms of the plea agreement. Notice as to James Walker, ECF March 3, 2015. On March 6, 2015, Defendant was sentenced to 80 months of imprisonment at Count 1 and to 80 months of imprisonment at Count 7, such terms to run concurrently, for a total term of incarceration of 80 months. Judgement in a Criminal Case (Doc. 401). This sentence was in accordance with the terms of the plea agreement.

On December 8, 2015, Defendant filed a *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 588). On December 11, 2015, the Court ordered that the Federal

Public Defenders Office be appointed to represent Defendant in all matters pertaining to this action. (Doc. 589). On January 8, 2016, the Government filed its Response in Opposition to Defendant's Motion. (Doc. 591). Defendant filed nothing further in support of his motion.

**<u>Analysis</u>**

Section 3582(c)(2) of Title 18 of the United States Code makes clear that:

> [a] district court only has the authority to consider whether a defendant should receive a reduction in sentence under § 3582(c)(2) when the defendant has been: (1) sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission; and when such a reduction is (2) consistent with the applicable policy statements issued by the Sentencing Commission.

<u>United States v. Weatherspoon</u>, 696 F.3d 416, 422 (3d Cir. 2012) (citing 18 U.S.C. § 3582(c)(2); <u>United States v. Doe</u>, 564 F.3d 305, 309 (3d Cir. 2009)). The Court turns to the first prong of this analysis.

Amendment 782 to the United States Sentencing Guidelines became effective on November 1, 2014. Defendant changed his plea from guilty to not guilty on November 18, 2014, after Amendment 782 to the Sentencing Guidelines took effect. He was sentenced in March of 2015, also after the sentencing ranges for drug crimes were lowered by Amendment 782. In consulting the Statement of Reasons filed on the day that Defendant was sentenced, the Court finds that it allotted an offense level of 25 to Defendant. This is consistent with the post-Amendment 782 Sentencing Guidelines, based on Defendant's stipulation in his plea agreement as to the quantity of heroin involved in his crimes and his acceptance of responsibility. USSG § 2D1.1(6) (2015). The Court finds that Defendant was not sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered, as he was sentenced under the United States Sentencing Guidelines as modified by Amendment 782.

Even if Defendant were sentenced under the pre-Amendment 782 Guidelines, his 11(c)(1)(C) plea agreement was not "based on" the United States Sentencing Guideline range. Justice Sotomayor's concurrence in Freeman v. United States, 131 S.Ct. 2685 (2011), controls this issue. Weatherspoon, 696 F.3d at 422 (citing United States v. Thompson, 682 F.3d 285, 289 (3d Cir. 2012)). Freeman established the possibility for defendants to receive a reduction in their sentence, even if that sentence was agreed upon in the context of an 11(c)(1)(C) plea agreement. Freeman, 131 S.Ct. at 2695. Such a reduction may only be considered if it is clear from the four corners of the 11(c)(1)(C) plea agreement that Defendant's agreed-upon sentence was "based on" the Sentencing Guidelines. Id. at 2698, n. 2 ("[T]o determine whether a sentence imposed pursuant to a[n 11(c)(1)](C) plea agreement was 'based on' a Guideline sentencing range, the reviewing court must necessarily look to the agreement itself."); see also Weatherspoon, 696 F.3d at 422.

Justice Sotomayor described two potential situations in which a defendant sentenced pursuant to an 11(c)(1)(C) plea agreement could be eligible for a reduction in sentence. Freeman, 131 S.Ct. 2697-700. Only one of those situations potentially is applicable here: when the defendant's plea agreement calls for a specific term of imprisonment, and the agreement "makes clear" that the Guideline range served as the foundation for the agreed-upon sentence. Weatherspoon, 696 F.3d 422-23 (citing Freeman, 131 S.Ct. at 2697-98). "Thus, to be eligible for relief under 18 U.S.C. § 3582(c)(2), a defendant who agrees to a specific term of imprisonment in a[n 11(c)(1)](C) plea agreement must show that his agreement both identifies a Guideline range and demonstrates a sufficient link between that range and the recommended sentence." Id. at 423 (citations omitted).

The facts of the instant case are identical to those presented in Weatherspoon and that case is controlling. Id. Defendant, like Weatherspoon, was sentenced to a fixed term of

3

imprisonment pursuant to his 11(c)(1)(C) plea agreement. Weatherspoon, 696 F.3d at 424. The Court must therefore look within the four corners of the plea agreement to see if the Sentencing Guidelines formed the foundation for Defendant's sentence. Id. It is the case here, as it was in Weatherspoon, that "the agreement is silent as to [Defendant's Guideline] range"; "[n]owhere in the agreement does it explicitly state the range the parties relied upon in determining [Defendant's] sentence"; "[n]or does the agreement provide the necessary ingredients to calculate" Defendant's Guideline range. Id. As in Weatherspoon, "[t]here are simply no statements or assertions of fact in the agreement that allow [the Court] to determine [Defendant's] criminal history, and thus the Court is missing *at least* one-half of the equation." Id. (emphasis added). As such, Defendant's sentence was not "based on" the Sentencing Guidelines and Defendant's Motion to Reduce Sentence must be denied.

## II. ORDER

Consistent with the foregoing, Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 588) is DENIED.

February 11, 2016                                   s\Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

James Walker
#34030-068
Federal Correctional Institution
PO Box 1000
Cumberland, MD 21501